UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA

EUGENE KELLEY

        Plaintiff,

v.

Civil Action No. 2:17-CV-298-FtM-99 MRM

CORNERSTONE ASSOCIATION
MANAGEMENT, INC.

        Defendant.
_____/

**DEFENDANT CORNERSTONE ASSOCIATION MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** the Defendant CornerStone Association Management, Inc., and files this its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in support thereof states as follows:

1. The Plaintiff's Complaint alleges in paragraph 6 that the Defendant's gross sales volume is at least $500,000 annually.

2. The Defendant's annual gross sales volume is less than the required $500,000.

3. Defendant's annual gross sales volume for 2016 was $268,169.

4. Attached to this motion as Exhibit "A" is a copy of the Defendant's certified public accountant's affidavit attesting to the fact that the Defendant's annual gross sales volume falls below the $500,000 threshold required in order for the Defendant to be a covered enterprise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

5. Because the Defendant's revenues fall below the required $500,000 annual minimum, there are no general issues of material fact to be decided by this Court and the Defendant is entitled to judgment as a matter of law.

**LEGAL ARGUMENT**

This Court lacks subject matter jurisdiction over the Defendant because the Defendant is not a covered employer under the Fair Labor Standards Act of 1938, §29 U.S.C., §203(s)1. Enterprise coverage only applies to the private sector enterprises if:

(1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—

(A)

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

(B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

(C) is an activity of a public agency.

Because the Defendant is not either an entity as defined in (s)(1) (B) or (C), both prongs of (s)(1)(A)(i) and (ii) must be met. The Defendant's annual gross volume of sales does not exceed $500,000 per year. As such, prong (s)(1)(A)(ii) is not met. Therefore, this Court lacks subject matter jurisdiction to hear a complaint against the Defendant as the Defendant is not an enterprise engaged in commerce.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to a material fact and [that] the movant is entitled to judgment as a matter of law." *Talavera v. Shah*, 638 F.3d 303 (D.C. Cir. Mar. 29, 2011). Further, it is well settled that "the party invoking the court's subject matter jurisdiction, bears the burden of demonstrating that this matter falls

within the Court's subject matter jurisdiction. *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342 (S.D. Fla. June 29, 2006).

In this case, the Defendant's annual gross sales volume for 2016 was $268,169 which is less than the $500,000 minimum threshold for enterprise coverage. Summary judgment should therefore be granted on the undisputed record evidence, i.e. the affidavit of the Defendant's certified public accountant Timothy Daily. *See Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646@*3 (S.D. Fla. Nov. 30, 2007); and *Severin v. Pasha's Restaurant, Inc.*, 2207 U.S. Dest. Lexis 24832 (S.D. Fla. Mar. 21, 2007) (granting restaurant's motion for summary judgment where annual earnings were below $500,000, and rejecting the plaintiff's argument that if the defendant's earnings for a partial year were extrapolated to a full year it would total over $500,000).

## CONCLUSION

**WHEREFORE,** for the foregoing reasons this Court should grant the Defendant's Motion for Summary Judgment.

**PAVESE LAW FIRM**
Attorneys for Defendant
Cornerstone Association Management, Inc.
1833 Hendry Street
Fort Myers, FL 33901
Telephone: (239) 334-2195
Telecopier: (239) 332-2243

**/s/ Christina Harris Schwinn**
Christina Harris Schwinn, Esq.
Florida Bar No. 0898732
Primary Email: christinaschwinn@paveselaw.com
Secondary Email: irenekreutzer@paveselaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Christina Harris Schwinn
Christina Harris Schwinn, Esq.